CUFFEL v. STATE OF INDIANA.

[No. 30,457. Filed March 15, 1966. Rehearing denied April 27, 1966.]

*Edward de Grazia,* of *de Grazia, Agger & Hydeman,* of Washington, D. C., and *Sigmund J. Beck* and *John Wood,* of *Bamberger & Feibleman,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *James Manahan,* and *Douglas B. McFadden,* Deputy Attorneys. General, for appellee.

ARTERBURN, J.—This is an appeal from a conviction on a criminal charge brought against the appellant for unlawfully and knowingly selling obscene literature, to-wit: A book known as "Tropic of Cancer," in violation of Burns' Ind. Stat. Anno. § 10-2803 (1956 Repl.). The trial was had by jury, the appellant was found guilty and appeals from the judgment.

The principal question in this case is whether appellant's conviction should stand in the face of the first amendment of the United States Constitution, as made applicable to the States by the Fourteenth Amendment, namely, that not only Congress but no state shall make any "law . . . abridging the freedom of speech or press. . . . "

The issue here lies between the legitimate exercise of police power in suppressing obscene and lewd matters on the one hand and on the other of the constitutional right of freedom of speech and press.

Normally, we would say that whether a writing is obscene or not is a question of fact to be determined by "contemporary and community standards" and that a verdict or finding of a jury of twelve persons should settle the issue. What may be obscene at one time, or one place may not be at another time in another place under different circumstances. We are also not unaware of the principle of appellate procedure that on appeal we should not weigh the evidence and determine the facts. In our opinion, however, the United States Supreme Court has decided otherwise, even though

some of the justices have said such a court "is about the most inappropriate supreme board of censors that could be found." *Jacobellis* v. *Ohio* (1964), 378 U. S. 184, 84 S. Ct. 1676, 12 L. Ed. 2d 793.

We might here go into a long analysis of the various cases flowing out of the United States Supreme Court on the issue here involved, with the result that we would find that the various justices' opinions seem to ride off in just as many different directions. *Roth* v. *United States* (1957), 354 U. S. 476, 77 S. Ct. 1304, 1 L. Ed. 2d 1498; *Grove Press Inc.* v. *Gerstein* (1964), 378 U. S. 577, 84 S. Ct. 1909, 12 L. Ed. 2d 1035; *Jacobellis* v. *Ohio, supra; Manual Enterprises, Inc. et al.* v. *Day* (1962), 370 U. S. 478, 82 St. Ct. 1432, 8 L. Ed. 2d 639.

Regardless of our personal opinion in this matter both as to the law and the facts, we are bound, as judges of this Court, under the oath we took to follow the Constitution of the United States, as interpreted by the Supreme Court of the United States, and that Court, in our opinion, has determined the issue in this case.

In the case of *Grove Press, Inc.* v. *Gerstein,* supra, that Court had before it a judgment of a Florida District Court of Appeals, approving an injunction against the sale and distribution of the book known as "Tropic of Cancer," the same book as that involved here. In that case the jury's verdict found the book in question to be obscene. The United States Supreme Court on June 22, 1964, however, reversed that judgment in a Per Curiam, thus holding such book was not obscene. The opinion is as follows:

"Per Curiam: The petition for a writ of certiorari is granted, and the judgment is reversed. Mr. Justice Black and Mr. Justice Douglas would reverse for the reasons stated in the opinion of Mr. Justice Black in *Jacobellis* v. *Ohio,* ante, p. 196. Mr. Justice Brennan and Mr. Justice Goldberg would reverse for the reasons stated in the opinion of Mr. Justice Brennan in *Jacobellis,* ante, p. 184. Mr. Justice Stewart would reverse for the reasons stated in his opinion in *Jacobellis,* ante, p. 197. The Chief Justice

Mr. Justice Clark, Mr. Justice Harlan, and Mr. Justice White are of the opinion that certiorari should be denied."

In *Haiman* v. *Morris* (June 18, 1964), 32 U. S. Law Week 2686 (Ill.), the Supreme Court of Illinois affirmed the trial court's judgment that the book in question was obscene. However, following the Per Curiam opinion of the United States Supreme Court in the *Grove Press Case*, the Illinois Supreme Court entered an order on July 7, 1964 in the *Haiman Case* as follows:

"On June 18, 1964 this court adopted an opinion in this case holding that the book, 'Tropic of Cancer' is obscene and that its sale could therefore be prohibited without violation of the constitutional guarantee of freedom of the press. On June 22, 1964, the Supreme Court of the United States in the case of *Grove Press, Inc.* v. *Gerstein*, by a per curiam order, reversed a judgment of the District Court of Appeal of Florida which had held that the book, 'Tropic of Cancer' was obscene and had restricted its sale and distribution.

"On the court's own motion, acting under the controlling authority of the decision of the Supreme Court of the United States in the Florida case, which involved the identical book that is the subject matter of this case,

"IT IS ORDERED that the opinion heretofore adopted by this court, in this case, is withdrawn and the judgment heretofore entered is vacated.

"IT IS FURTHER ORDERED that the judgment of the Superior Court of Cook County is affirmed."

Various state courts have placed the same interpretation upon the decisions of the United States Supreme Court in the case of this book. *Zeitlin* v. *Arnebergh* (1963), 59 Cal. 2d 901, 383 P. 2d 152; *Attorney General* v. *Book Named "Tropic of Cancer"* (1962), 345 Mass. 11, 184 N. E. 2d 328; *Larkin* v. *G. P. Putnam's Sons* (1964), 14 N. Y. 2d 399, 200 N. E. 2d 760; *McCauley* v. *Tropic of Cancer* (1963), 20 Wis. 2d 134, 121 N. W. 2d 545; *Smith* v. *California* (1963), 375 U. S. 259, 84 S. Ct. 361, 11 L. Ed. 2d 311.

On the authority of the case of *Grove Press, Inc.* v. *Gerstein* (1964), 378 U. S. 577, 84 S. Ct. 1909, 12 L. Ed. 2d 1035, the judgment in this case is reversed, with directions to dismiss the charge against the appellant.

Myers, C. J., concurs. Rakestraw and Jackson, JJ., concur in result. Achor, J., not participating.

NOTE.—Reported in 215 N. E. 2d 36.